IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CARLOS HERNANDEZ-ARREDONDO, )
#73210-198, )
 )
    Plaintiff, )
 ) CIVIL NO. 10-875-MJR
vs. )
 )
LISA J W HOLLINGSWORTH, BELLE, )
BRYERSON, EDGE, ORMANDY, )
DELBERT SAVERS, MICHAEL )
NALLY, and KATHLEEN KENNEY, )
 )
    Defendants. )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Carlos Hernandez-Arredondo, an inmate in the Talladega Federal Correctional Institution in Alabama, brings this action for deprivations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). At all times relevant to this complaint, Plaintiff was incarcerated at USP-Marion, Illinois. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from
>     such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

On November 4, 2008, Plaintiff was placed in segregation in the Special Housing Unit (SHU) at USP-Marion as a result of an altercation with another inmate. Inmates in the SHU are confined to their cell for twenty-four hours per day, under restrictions including no television, telephone calls, visits, education or rehabilitation programs, and limited outdoor exercise. Plaintiff remained in the SHU for approximately twenty months, and was never given any

hearing where he might have challenged the appropriateness of that placement. Plaintiff points to Bureau of Prisons (BOP) policy, which mandates that such a hearing be held every thirty days while an inmate remains housed in the SHU. Defendants Hollingsworth (Marion warden) and Ormandy (captain at Marion) were responsible for Plaintiff's SHU placement and failed to provide him with a hearing. He also faults Defendants Nalley, Kenney and Savers (all BOP officials) for failing to give him a hearing on his SHU placement after becoming aware that hearings were not being held for Marion SHU inmates.

After Plaintiff filed complaints about his SHU confinement, he alleges that Defendants Hollingsworth and Ormandy, along with Defendants Belle, Bryerson and Edge (Marion case managers and unit manager) conspired to prolong his confinement in segregation, and retaliated against him by referring him for placement in a Special Management Unit (SMU). According to Plaintiff, the placement in the SMU would result in lengthening the duration of his segregation. Plaintiff complained about the retaliation to Defendants Nalley, Savers and Kenney, who took no action. Ultimately, Plaintiff was transferred to a Special Management Unit in FCI-Talladega.

Finally, Plaintiff complains that Defendants Hollingsworth and Ormandy were deliberately indifferent to his mental health needs by failing to have him evaluated or treated for symptoms he developed during his prolonged isolation.

Plaintiff seeks compensatory and punitive damages as well as declaratory and injunctive relief.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into four (4) counts. The parties and the Court will use these designations in all future

pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Due Process/Denial of Hearing**

Noncompliance with prison regulations will rise to a due process violation only where those regulations have created a liberty interest. A liberty interest is created only where prison regulations act to protect prisoners from an "atypical or significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Crowder v. True*, 74 F.3d 812, 814 (7th Cir. 1996); *Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011) (Federal Bureau of Prisons regulations do not give rise to a protected liberty interest). Thus, the rule requiring a hearing every thirty days for inmates in the SHU did not itself create a liberty interest, and the defendants' failure to follow this rule would not give rise to a constitutional claim if Plaintiff had been afforded some procedural process after the decision was made to send him to the SHU. *See Wolff v. McDonnell*, 418 U.S. 539 (1974).

However, in Plaintiff's case, his hearing was not only delayed past the thirty-day time frame; he alleges he was never given a hearing at any time during his twenty-month segregation in the SHU. The denial of any process to challenge the imposition of discipline may state a constitutional violation. In *Wolff v. McDonnell*, the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to disciplinary segregation, or is otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Wolff*, 418 U.S. at 556-72.

> *Wolff* required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours' advance written notice of the charges against them; [2] a

right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal. 418 U.S. at 563-572.

*Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983); *see also Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).

Because Plaintiff alleges that the minimal procedural due process requirements spelled out in *Wolff* were not met, his claim against Defendants Hollingsworth and Ormandy cannot be dismissed at this stage.

However, Plaintiff has not stated a due process claim against Defendants Nalley, Kenney or Savers. None of these defendants were directly involved in the decision to place Plaintiff in the SHU, nor were they responsible for providing him with a hearing. Defendant Nalley is a regional director with the BOP in Kansas City, Defendant Kenney is a BOP administrator in Washington, D.C., and Defendant Savers is a chief in the BOP Designation and Sentence Computation Center in Grand Prairie, Texas. Plaintiff alleges that because these defendants "knew" that SHU inmates were being held indefinitely without a hearing, they should be held liable for the deprivations of his rights (Doc. 1, p. 11-12). Even assuming they had such knowledge, this is not enough for liability to attach.

"The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987);

*Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). The rule is well-established that "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Accordingly, the due process claim against Defendants Nalley, Kenney and Savers must be dismissed.

**Count 2 - Retaliation and Count 3 - Conspiracy**

Initially, it should be noted that the transfer of Plaintiff to the Special Management Unit is not itself a violation of Plaintiff's constitutional rights. "[P]risoners possess neither liberty nor property in their classifications and prison assignments. States [or the Federal BOP] may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)). *See also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee placement in a particular prison).

However, an action that would otherwise be lawful may state a claim if it is taken in retaliation for the exercise of a constitutionally protected right. *See Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) ("[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper."); *see also Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (per curiam) (retaliatory transfer of a prisoner).

Plaintiff states that Defendant Ormandy explicitly told Plaintiff that he (Defendant Ormandy), along with Defendants Hollingsworth, Belle, Bryerson and Edge, had decided to refer Plaintiff to a Special Management Unit (SMU) because Plaintiff had filed complaints against Marion staff (Doc. 1, p. 13). Plaintiff claims that he filed several administrative complaints

while in SHU segregation, protesting his confinement in SHU, the conditions there, and the failure to provide him with any hearing.

It is well established that prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.* A complaint that provides a short, clear statement of the relevant facts complies with the federal rules of civil procedure, and thus cannot be dismissed because it does not allege all facts necessary to clearly establish a valid claim. *Id.* Plaintiff has met these pleading requirements, thus his retaliation claim against Defendants Hollingsworth, Ormandy, Belle, Bryerson and Edge cannot be dismissed at this stage.

In addition, Plaintiff alleges that these defendants engaged in a conspiracy to retaliate against him for filing complaints, and to prolong his SHU confinement. Civil conspiracy claims are cognizable under § 1983. *See Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002) (recognizing conspiracy claim under § 1983). "[I]t is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date . . . ." *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002). *See also Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *Tierney v. Vahle*, 304 F.3d 734, 740 (7th Cir. 2002). Here, Plaintiff has named the parties (Defendants Hollingsworth, Ormandy, Belle, Bryerson and Edge). He claims the purpose of their

conspiracy was to retaliate against him for exercising his right to file administrative complaints, and to prolong his segregation. The approximate time frame was during the twenty months that Plaintiff remained in the SHU, beginning after Plaintiff filed complaints about his continued confinement there. At this stage, the conspiracy claim cannot be dismissed against the above-named defendants.

However, Plaintiff has again failed to state a claim against Defendants Nalley, Savers and Kenney. He does not allege that they participated in the conspiracy or themselves took any retaliatory actions. Plaintiff states only that he "protested the retaliation" to these defendants, that they took no action to investigate or stop Plaintiff's placement in the SMU, and that they finalized his SMU placement. For the reasons stated in Count 1, there is no supervisory liability on the part of these defendants. In addition, they acquire no liability, nor any responsibility to correct the alleged retaliation, merely because Plaintiff has brought his protest to their attention. Plaintiff, like many other inmates, seems to think that any prison employee who knows (or should know) about his problems has a duty to fix those problems. As Chief Judge Easterbrook has stated:

> Public officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to [results]. That can't be right. *See Durmer v. O'Carroll*, 991 F.2d 64 (3[d] Cir. 1993).

*Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Therefore, the conspiracy and retaliation claims against Defendants Nalley, Savers and Kenney must be dismissed.

**Count 4 - Deliberate Indifference to Mental Health Needs**

Finally, Plaintiff alleges that, while he was in segregation in the SHU, he suffered from anxiety, depression, insomnia and self-destructive ideation, which he believes was brought on by his prolonged confinement in segregation. He claims that Defendants Hollingsworth and Ormandy observed his mental health problems and decline in functioning, yet failed to obtain any "meaningful" mental health evaluation or treatment for him (Doc. 1, p. 14).

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the

unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). The Seventh Circuit has also found that "the need for a mental illness to be treated could certainly be considered a serious medical need." *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001); *see also Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983).

As to the objective component, the symptoms Plaintiff describes could rise to the level of a serious medical need. However, this is not at all clear from the complaint. Unlike an obvious physical injury, such mental health symptoms may or may not be objectively noticeable to a lay person, and Plaintiff does not elaborate on the severity of his condition or any perceptible symptoms. Plaintiff does note that Defendant Hollingsworth is the warden, and Defendant Ormandy is a captain at USP-Marion; they are apparently not mental health professionals and would not be the "providers" of care or treatment. Moreover, Plaintiff does not say whether or not he requested any mental health evaluation or treatment, or otherwise brought his symptoms to the attention of the defendants.

The subjective component of a deliberate indifference claim requires that a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must actually "draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). In order to state a claim for deliberate indifference for the denial of medical care, a plaintiff must allege a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of

seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering").  Plaintiff fails to allege any action or behavior on his part that could have put the defendants on notice that he had a serious mental health condition requiring some evaluation or treatment.   Therefore, it does not appear that the defendants had actual knowledge of facts from which they could infer the potential for serious harm to Plaintiff, nor has Plaintiff indicated that the defendants acted with reckless disregard for his health.

Because the complaint fails to sufficiently allege either the objective or subjective component of a deliberate indifference claim, Count 4 against Defendants Hollingsworth and Ormandy must be dismissed without prejudice.

**Pending Motions**

Plaintiff's Motion for Service of Summons/Complaint (Doc. 6) is **GRANTED IN PART** as to those Defendants who have not been dismissed from this action; however, it is denied as to Defendants Nalley, Kenney and Savers.  Plaintiff is advised that it is not necessary for a litigant to file a motion requesting service of summons.  The Clerk will issue summons and the Court will direct service for any complaint that passes preliminary review.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT FOUR** fails to state a claim upon which relief may be granted, and thus is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants **NALLEY, KENNEY** and **SAVERS** are **DISMISSED** from this action with prejudice.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **HOLLINGSWORTH, BELLE,**

**BRYERSON, EDGE** and **ORMANDY**; the Clerk shall issue the completed summons.  The United States Marshal **SHALL** serve Defendants **HOLLINGSWORTH, BELLE, BRYERSON, EDGE** and **ORMANDY** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[1]  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendants, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel.  Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be

---

[1] Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under an obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** 7/6/2011

                                                 s/ **MICHAEL J. REAGAN**
                                                        **U.S. District Judge**