IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLOS HERNANDEZ-ARREDONDO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-cv-0875-MJR-SCW |
| ) | |
| LISA J. HOLLINGSWORTH, ) | |
| BRYERSON, ) | |
| EDGE, ) | |
| ORMANDY, ) | |
| and BEHLE, ) | |
| ) | |
| Defendants. ) | |

<u>MEMORANDUM AND ORDER</u>

REAGAN, District Judge:

Carlos Hernandez-Arrendondo (Hernandez) filed suit in this Court in November 2010, alleging that various correctional officials and employees had violated his federally-secured constitutional rights while he was incarcerated at a correctional facility (USP-Marion) within this District. In July 2011, on threshold review of the complaint under 28 U.S.C. 1915A, the undersigned Judge dismissed several claims and Defendants, ordered service to be made on the remaining Defendants, and referred the case to the Honorable Stephen C. Williams, United States Magistrate Judge, to handle pretrial matters pursuant to Local Rule 72.1(a).

The five named Defendants who survived threshold screening were (1) Lisa J. Hollingsworth, (2) "Bryerson," (3) "Edge," (4) "Ormandy," and (5) "Behle" (collectively referred to herein as Defendants). On November 24, 2011, Defendants moved to dismiss or, alternatively, for summary judgment on Hernandez's claims, based on his failure to exhaust administrative remedies prior to filing this lawsuit, as required

Page | 1

by the Prison Litigation Reform Act, 42 U.S.C. 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 … until such administrative remedies as are available are exhausted.").

Hernandez sought and was granted an extension of time in which to respond to Defendants' motion; and he filed his memorandum opposing Defendants' motion on January 9, 2012 (see Docs. 52-55).  That same day, Hernandez filed a motion for leave to amend his complaint (Doc. 56).

On June 29, 2012, Judge Williams submitted a Report (Doc. 67) recommending that the undersigned District Judge grant Defendants' summary judgment motion and dismiss this case without prejudice. The Report was sent to the parties with a notice advising them that they must file any objections within 14 days of service of the Report (Doc. 67-1).

As of July 25, 2012, no objections were filed by any party.  Accordingly, pursuant to 28 U.S.C. 636(b), the undersigned Judge need not conduct *de novo* review of the Report and Recommendations.  **28 U.S.C. 636(b)(1)(C)("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  *See also Thomas v. Arn,* 474 U.S. 140 (1985); *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 741 (7th Cir. 1999); *Video Views Inc., v. Studio 21, Ltd.,* 797 F.2d 538 (7th Cir. 1986).**

The Court hereby **ADOPTS** that the Report (Doc. 67), including Judge Williams' detailed findings of fact and conclusions of law contained therein, in entirety.

The Court **GRANTS** Defendants' motion for summary judgment (Doc. 45), based on Plaintiff's failure to exhaust administrative remedies before filing this suit. As recommended in the Report, the Court **DISMISSES** this lawsuit without prejudice.[1] Judgment shall enter accordingly, reflecting the *without* prejudice dismissal of this action. If Plaintiff (after having exhausted) files a fresh complaint on these claims via new civil case in this Court, the undersigned Judge hereby **waives the filing fee** for that action.

IT IS SO ORDERED.

DATED July 25, 2012.

                                                    s/ Michael J. Reagan
                                                    Michael J. Reagan
                                                    United States District Judge

---

[1] If administrative remedies are not properly exhausted prior to filing suit, the district court must dismiss those claims without prejudice to the inmate initiating another action if appropriate and possible after he exhausts those remedies. **See, e.g., Burrell v. Powers**, 431 F.3d 282, 284 (7th Cir. 2005), *citing Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002)("Dismissal for failure to exhaust is without prejudice …."); *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004)("We therefore **hold that *all* dismissals under § 1997e(a) should be without prejudice**").